# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 91-KA-01193-SCT

*HOWARD SHAW*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/23/91 |
| TRIAL JUDGE: | NA |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: NO RESPONSE FILED |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | MOTION FOR EXTRAORDINARY RELIEF GRANTED; REMANDED - 4/3/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## ON MOTION FOR EXTRAORDINARY RELIEF

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on a petition to rehear a decision of this Court denying mandamus to the Court of Appeals to allow a petition for rehearing denied pursuant to the provisions of Rule 40 MRAP. After careful consideration the Court concludes that extraordinary relief is in order. We remand this matter to the Court of Appeals for consideration of a petition for rehearing pursuant to the provisions of Rule 2(c) of the Rules of Appellate Procedure.

¶2. There was an opinion issued by the Court of Appeals reversing Shaw's conviction. The state filed a petition for rehearing and the Court of Appeals issued a subsequent opinion affirming the conviction. Shaw, acting pro se, sought a rehearing on the issues not addressed in the state's petition

for rehearing or in the original opinion. The Court of Appeals denied consideration of the petition pursuant to Rule 40 (a) of the Mississippi Rules of Appellate procedure which provides that "[a]fter a petition for rehearing has been granted or denied, no further petition for rehearing shall be filed by either party."

¶3. It is our view that in the rare circumstance where a petition for rehearing is granted and the result changed, the ultimate losing party should not be absolutely denied an opportunity to point out error which could not have been apparent in the previous decision of the Court. Additionally, one who would file a petition for certiorari to this Court "must first seek review of [the Court of Appeals'] decision by filing a petition for rehearing in the Court of Appeals."

¶4. In this case, the Court of Appeals failed to address at all two alleged errors in the first opinion. In the second opinion those errors were addressed. Rule 2(c) allows the suspension of the rules, including the Rule 40 prohibition, for "good cause shown." Because Shaw had no occasion to address the Court of Appeals' disposition of his ineffective assistance issues and because filing a motion for rehearing with the Court of Appeals is a prerequisite to seeking further review in this Court, we conclude that good cause has been shown. We remand this matter to the Court of Appeals for further proceedings consistent herewith. We express no opinion as to the substantive merit of Shaw's petition.

**¶5. MOTION FOR EXTRAORDINARY RELIEF GRANTED AND THIS MATTER IS REMANDED TO THE COURT OF APPEALS FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN AND McRAE, JJ., CONCUR. LEE, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND MILLS, JJ.**

**DAN LEE, CHIEF JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶6. This matter is before the Court on a petition to rehear a decision of this Court denying mandamus to the Court of Appeals to allow a petition for rehearing denied pursuant to the provisions of MRAP 40. While I agree with the outcome and reasoning of the majority, I would treat Howard Shaw's request as a Petition for Writ of Certiorari, pursuant to MRAP 17, and remand to the Court of Appeals for consideration of a petition for rehearing pursuant to the provisions of MRAP 2(c).

¶7. MRAP 17(a) provides in pertinent part: "[a] decision of the Court of Appeals is a final decision which is not reviewable by the Supreme Court except on writ of certiorari." MRAP 17(a) (emphasis added). In other words, the sole and exclusive avenue of review of a decision of the Court of Appeals by this Court is by writ of certiorari. Consequently, the majority, while accomplishing the correct result and applying the appropriate reasoning, has chosen an inappropriate vehicle with which to execute the decision to remand this matter to the Court of Appeals. Therefore, I would treat Shaw's

request for mandamus as a Petition for Writ of Certiorari, and, as the Court has already addressed this matter, remand to the Court of Appeals for consideration of a petition for rehearing.

**SMITH, JUSTICE, DISSENTING:**

¶8. Howard Shaw, dissatisified with the Court of Appeals decision, requests that this Court order the Court of Appeals by mandamus, according to M.R.A.P. 40(a), to grant him a rehearing of that court's previous denial of a motion for rehearing. The majority, shuns the mandamus approach, but rather would grant Shaw extraordinary relief by suspension of the rules under Rule 2(c) of the Rules of Appellate Procedure. The majority's actions ignore the denial of relief to Shaw by a previous panel of this Court, consisting of Chief Justice Lee, Justice McRae and this author. *See Order*, March 15, 1996.

¶9. Rule 40(a) provides in part: "After a motion for rehearing has been granted or denied, no further petition for rehearing shall be filed by any party." That is exactly the posture of this case as determined by the Court of Appeals. This Court should not allow Shaw another bite at the apple under Rule 2(c). There is seemingly little finality to cases on many occasions. This is definitely one of those occasions. I would again deny Shaw any relief , thus finalizing the Court of Appeals decision.

¶10. I respectfully dissent.

**ROBERTS AND MILLS, JJ., JOIN THIS OPINION.**